IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARK FITZHENRY, individually and : CIVIL ACTION
on behalf of a class of all persons and :
entities similarly situated :
:
v. : NO. 16-1253
:
GUARDIAN PROTECTION :
SERVICES, INC., *et al.* :

# **ORDER-MEMORANDUM**

**AND NOW**, this 9th day of November 2016, upon consideration of the parties' responses (ECF Doc. Nos. 29, 30, 31) to our Order to show cause (ECF Doc. No. 25, ¶ 2) as to appropriate venue under 28 U.S.C. §§ 1404 and 1406[1] for this TCPA[2] class action claim filed by a South Carolinian challenging an August 12, 2016 telephone call made by a North Carolina telemarketing company but filed here because the Defendant retailer who denies vicarious liability for a North Carolina telemarketing company is headquartered in this District and finding the events giving rise to our subject matter jurisdiction under the TCPA (both the call and lack of consent) occurred in South Carolina, it is **ORDERED** the Clerk of Court shall **forthwith transfer venue** to the Clerk of the District of South Carolina, Charleston Division, as it is the only District under 28 U.S.C. § 1406 where we can find a substantial part of the events or omissions giving rise to federal jurisdiction occurred.

---

[1] Mr. Fitzhenry elected not to address transfer or dismissal under 28 U.S.C. § 1406 due to lack of proper venue under 28 U.S.C. §1391. Security Force, Inc. argues venue is proper only because its co-defendant Guardian Protection Services, Inc. resides here. Security Force omits the requirement for all defendants to be residents of the Commonwealth under §1391(b)(1) and did not argue its residency under §1391 (c)(2).

[2] Telephone Consumer Protection Act, 42 U.S.C. § 227.

## *Analysis*

Pennsylvania resident Guardian argues an agreement (which it denies) between Guardian and telemarketer Superior Force can be a "substantial part of the events or omissions giving rise to the [TCPA] claim" permitting venue under 28 U.S.C. § 1391(b). The TCPA claim invoking subject matter jurisdiction arises from the nonconsensual call to a Charleston resident. Mr. Fitzhenry's claim continues against the Security Force telemarketer regardless of the venue of the retailer hiring it. The Pennsylvania retailer would have a stronger argument if Mr. Fitzhenry sued only it on a theory of vicarious liability. Charleston in South Carolina, the venue for both the call and lack of consent, is the appropriate venue.

While the class representative could arguably be from any state and we would consider, among other factors, the preference of the parties and location of the witnesses and documents under 28 U.S.C. §1404 and *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995), we find the only appropriate venue where the case creating federal jurisdiction could have been brought is South Carolina and transfer, rather than dismissal, is warranted under 28 U.S.C. §1406.

**A.     Under the TCPA, venue is proper where the phone call is received.**

The proper venue for this action is the District of South Carolina where Mr. Fitzhenry received the alleged phone call and did not provide consent. District courts find proper venue where the alleged injury occurred which, in a TCPA action, is where the telephone call was received.[3] These courts often cite reasoning used in debt collection cases.[4] In those cases, courts

---

[3]*See Sapan v. Dynamic Network Factory, Inc.,* No. 13-1966, 2013 WL 12094829, at *3 (S.D. Cal. Nov. 25, 2013) ("venue is proper in the district where [plaintiff] resides because the injury did not occur when the phone call was allegedly *made* from the Northern District; it occurred when the [phone call] was *received* in the Southern District."); *Brown v. Account Control Tech., Inc.,* No. 13-62765, 2014 WL 11706429, at *3 (S.D. Fla. Mar. 28, 2014) (finding venue proper where the

find venue proper in the district where the debtor resides because the injury did not occur until the mail was received.[5]

## B. Neither signing an agreement in Pennsylvania nor vicarious liability give rise to proper venue.

For venue to be proper, *significant* events must occur in this District, even if other material events occurred elsewhere.[6] "When material acts or omissions within the forum bear a close nexus to the claims, they are properly deemed 'significant' and, thus, substantial, but when a close nexus is lacking, so too, is the substantiality necessary to support venue."[7]

Acknowledging there might be more than one district that meets the requirements of § 1391,[8] vicarious liability is not sufficient grounds to find venue proper unless the connection gave rise to the underlying action. We are aware of the court's decision in *Gregory L. Jones v. Blue Nile*

---

plaintiff received the telephone call); *Lary v. Doctors Answer, LLC*, No. 12-3510, 2013 WL 987879, at *5 (N.D. Ala. Mar. 8, 2013) ("venue is proper in the district where [plaintiff] resides because the injury did not occur" when the facsimile was *sent* from New Jersey; it occurred when "the [facsimile] was *received*" in Alabama.)

[4]*Meredith v. Unifund CCR Partners*, No. 2:08-375, 2008 WL 4767523 (M.D.Ala. Oct.29, 2008), (*citing Bates v. C & S Adjusters, Inc.*, 980 F.2d 865, 868 (2d Cir.1992)); *Bailey v. Clegg, Brush & Assocs., Inc*., No. 1:90-2702, 1991 WL 143461 at *2 (N.D.Ga. June 14, 1991); *Murphy v. Allen County Claims & Adjustments*, 550 F.Supp. 128, 130–31 (S.D.Ohio 1982); *Gachette v. Tri–City Adjustment Bureau*, 519 F.Supp. 311, 313–14 (N.D.Ga.1981).

[5] *Meredith*, 2008 WL 4767523, at *3 (in a debt collection case, "venue is proper in the district where the debtor resides because the injury did not occur until the mail was received."); *Bates*, 980 F.2d at 868 ("[The] harm does not occur until receipt of the collection notice. Indeed, if the notice were lost in the mail, it is unlikely that a violation of the Act would have occurred").

[6] *Leone v. Cataldo*, 574 F. Supp. 2d 471, 484 (E.D. Pa. 2008) (emphasis added).

[7] *Id.*(quoting *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 432 (2d Cir.2005)).

[8] *See Sapan*, at *3.

3

*Express*[9] examining the "close nexus" requirement in vicarious liability cases is only met if the principal explicitly instructs the agent to commit the underlying alleged action. In *Jones*, the employer denied he instructed his employee to act negligently. The district court held an employment relationship alone does not fulfill the "close nexus" requirement. The court also held, "[m]erely signing a contract cannot give rise to venue unless the cause of action somehow relates to that contract." We agree.

Guardian argues venue is proper in this District because the August 12, 2016 phone call which gives rise to this action would not have occurred but for the alleged Pennsylvania agreement.[10] We disagree with Guardian's reliance on *Reassure Am. Life Ins. Co. v. Midwest Res., Ltd.*,[11] to support its argument. In *Reassure*, venue was proper where the parties formed the contract because the primary issue was the "subjective intent when he obtained the life insurance policy."

Mr. Fitzhenry only alleges an agreement between Guardian and Security Force and when Mr. Fitzhenry was able to connect to a live person, they attempted to sell him an alarm system monitored by Guardian.[12] Mr. Fitzhenry does not allege Guardian explicitly instructed Security Force to make the telemarketing call.[13]

---

[9] No. 14-191, 2014 WL 2957452 (W.D. Wis. July 1, 2014).

[10] ECF Doc. No. 30.

[11] 721 F. Supp. 2d 346, 350 (E.D. Pa. 2010).

[12] EFC Doc. No. 1. at ¶ ¶13, 32-33.

[13] Mr. Fitzhenry alleges "Guardian authorized dealers promotes these systems through a variety of marketing methods, including telemarketing. Guardian provides its authorized dealers with sales techniques and training, which were implemented in the telemarketing calls that are the subject of this complaint." (ECF Doc. No. 1 at ¶¶ 50-51). These bald allegations do not give rise to proper

4

As in *Blue Nile Express,* Guardian denies it directed Superior's conduct through a denied agreement to make telemarketing calls.[14] Because Guardian is the only link to this District, and it denies an agreement to make telemarketing calls existed, we transfer this matter to the District with proper venue, the District of South Carolina, Charleston Division.

KEARNEY, J.

---

venue.

[14]ECF Doc. No. 30. ("Guardian denies that it authorized Security Force to make any telemarketing calls, let alone the call described in the Complaint, and has provided Plaintiff's counsel with an Affidavit from Guardian's President that Security Force did not make any such calls on its behalf.").